# In the United States Court of Federal Claims

| | |
|---|---|
| PHILIP EMIABATA, doing business as Philema Brothers, *Plaintiff,* v. THE UNITED STATES, *Defendant.* | No. 24-370C (Filed November 22, 2024) |

Philip Emiabata, Pflugerville, TX, pro se.

Collin T. Mathias, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**OPINION AND ORDER**
**Granting the Government's Motion to Dismiss and**
**Granting Mr. Emiabata's Motion to Proceed In Forma Pauperis**

**SILFEN,** *Judge.*

Philip Emiabata, doing business as Philema Brothers, alleges that the United States Postal Service wrongfully terminated his contract to deliver mail. Mr. Emiabata seeks money damages. Mr. Emiabata also filed a motion to proceed in forma pauperis. The government moves to dismiss Mr. Emiabata's claims as barred by res judicata and for lack of subject-matter jurisdiction or failure to state a claim under the Contract Disputes Act. The government also requests that the court deny Mr. Emiabata's motion to proceed in forma pauperis, arguing that Mr. Emiabata is a frivolous filer.

The government is correct that some of Mr. Emiabata's claims are barred by res judicata. For the remaining claims, Mr. Emiabata is apparently attempting to appeal a case from the Postal

1

Service Board of Contract Appeals—an appeal that cannot be filed in this court. This court therefore lacks jurisdiction to hear those remaining claims, or in the alternative those remaining claims fail to state a claim. Given that Mr. Emiabata's non-barred claim is a misplaced attempt to challenge a Board decision, which does still have a route of review (and has a connection to this court), that claim is not frivolous.

Thus, this court **grants** the government's motion to dismiss, **dismisses** the complaint, and **grants** Mr. Emiabata's motion to proceed in forma pauperis. However, because Mr. Emiabata now knows that this court is the wrong place for his non-barred claim, this court **certifies** under 28 U.S.C. § 1915(a)(3) that any appeal from this decision will not be taken in good faith; thus any appeal from this decision will not be entitled to in forma pauperis status.

I. **Background**

   A. **Mr. Emiabata's contract with the Postal Service**

In December 2015, Mr. Emiabata entered into a contract with the Postal Service to transport and deliver mail. ECF No. 1 at 1; ECF No. 9 at 2. After rescheduling the start date, the Postal Service requested that Mr. Emiabata submit a Form 2025—a "Contract Personnel Questionnaire" that requests driver background information—and a five-year driving record. *Emiabata v. United States*, 792 F. App'x 931, 933 (Fed. Cir. 2019) ("*Emiabata 2019*"). He did not submit his driving record and did not respond to a question on the form about traffic violations. *Id.* Before signing the contract, Mr. Emiabata also submitted improper insurance forms. *Id.* The Postal Service nevertheless allowed Mr. Emiabata to begin working in February 2016. *Id.*

The Postal Service notified Mr. Emiabata of the missing information and, after some discussions, stated that he had four calendar days to submit it, or the Postal Service would terminate the contract. *Emiabata 2019*, 792 F. App'x at 933-34. Mr. Emiabata then submitted a new Form 2025 in which he revealed a pending charge for reckless driving in Virginia. *Id.* at 934. The Postal

Service then learned that Mr. Emiabata was also convicted of reckless driving in Virginia after he was involved in an accident where two people were killed and one was seriously injured. *Id.* The Postal Service informed Mr. Emiabata that it was terminating his contract. *Id.* In March 2016, the Postal Service terminated the contract for default due to Mr. Emiabata's failure to provide driving records, insurance documentation, and truthful information. ECF No. 9 at 2; *see also Emiabata 2019*, 792 F. App'x at 934.

### B. Mr. Emiabata's 2017 suit in this court

Mr. Emiabata first challenged the contract termination in this court in March 2017. *See generally Emiabata v. United States*, 135 Fed. Cl. 213 (2017) ("*Emiabata 2017*"). He alleged wrongful termination and requested $2.6 million in damages. *Id.* at 217. Shortly after that, Mr. Emiabata filed a claim with the Postal Service contracting officer seeking the same relief. *Id.* at 216. The government moved to dismiss in this court for failure to satisfy the Contract Disputes Act, which requires that claims be presented to a contracting officer before they may be litigated in this court. *Id.* at 216 (citing 41 U.S.C. § 7103). The government also moved to dismiss for failure to state a claim for wrongful termination because Mr. Emiabata had falsified his contract application. *Id.* at 216.

The court held that it lacked jurisdiction over Mr. Emiabata's money damages claims because he did not present his claims to the Postal Service contracting officer before filing in this court. *Emiabata 2017*, 135 Fed. Cl. at 217. Later, on summary judgment on the wrongful termination claim, the court determined that the Postal Service had appropriately terminated Mr. Emiabata's contract. *Emiabata v. United States*, 139 Fed. Cl. 418, 427 (2018) ("*Emiabata 2018*"). The court analyzed three issues: First, the court found that Mr. Emiabata had not submitted proper insurance documentation. *Id.* at 423-24. Second, the court found that Mr. Emiabata had failed to properly submit a driving record dating back five years. *Id.* at 424-25. And third, the court found

that Mr. Emiabata had made false and misleading statements mischaracterizing his traffic violations. *Id.* at 426-27. Mr. Emiabata appealed to the Federal Circuit. *Emiabata 2019*, 792 F. App'x at 934. The Federal Circuit affirmed. *Id.* at 939.

### C. Mr. Emiabata's suit in Vermont district court

While Mr. Emiabata's first suit in this court was pending, he also filed a complaint in the United States District Court for the District of Vermont. *Emiabata v. United States*, 151 Fed. Cl. 610, 614 (2020) ("*Emiabata 2020*") (citing *Emiabata v. United States*, No. 17-cv-256 (D. Vt. filed Dec. 27, 2017)). He challenged the contract's termination and also alleged that the Postal Service had placed him on a suspension list without due process. *Id*. The district court transferred Mr. Emiabata's case to this court in May 2018. *Id.* After the Federal Circuit decided *Emiabata 2019*, this court dismissed Mr. Emiabata's default termination claim as precluded by this court's earlier decision in *Emiabata 2018* and the Federal Circuit's decision in *Emiabata 2019*. *Id.* at 616. This court transferred his suspension list claim back to the Vermont district court because this court lacked subject-matter jurisdiction. *Id.* at 618.

Mr. Emiabata appealed. *See Emiabata v. United* States, No. 21-1703, 2022 WL 1055435 (Fed. Cir. Apr. 8, 2022) ("*Emiabata 2022*"). The Federal Circuit held that it lacked jurisdiction to review the order transferring the suspension claim to the Vermont district court because it was not a final, appealable decision. *Id.* at *4. The Federal Circuit otherwise affirmed. *Id.*

Mr. Emiabata's re-transferred suit does not appear to have been docketed in the Vermont district court.

### D. Postal Service administrative proceedings

As noted above, after filing his first complaint in this court, Mr. Emiabata also filed a claim with the Postal Service contracting officer seeking the same relief, based on the same allegations. *See* ECF No. 9, Attachment B (Mr. Emiabata's appeal of the contracting decision before the

4

Board). The contracting officer did not issue a decision regarding Mr. Emiabata's claim within 60 days. *Id.* at 5. Under the Contract Disputes Act, if a contracting officer does not act within 60 days, the contractor may deem the claim denied and file an appeal to the Board or may alternatively request a decision. 41 U.S.C. § 7103(f). Mr. Emiabata sent an inquiry reminding the Postal Service of his claim. ECF No. 9, Attachment B at 5.

In March 2021, the contracting officer denied Mr. Emiabata's claim, finding that (1) there were no outstanding unpaid invoices, (2) Mr. Emiabata had received pay for all the work he performed, and (3) this court and the Federal Circuit had already found that the contract termination was proper. ECF No. 9, Attachment A (contracting officer's decision). Mr. Emiabata appealed to the Postal Service Board of Contract Appeals. *See generally* ECF No. 9, Attachment B. The Board initially, in January 2024, dismissed all of Mr. Emiabata's claims except one: It retained his claim to recover late-slip payments. *Id.* at 20. The Board asked the parties to submit summary judgment briefs for the late-slip claim. *Id.* In September 2024, the Board granted the Postal Service's motion for summary judgment. *Emiabata v. United States Postal Service*, PSBCA No. 6862 (Sept. 11, 2024), https://about.usps.com/who/judicial/board-contract-appeals-decisions/2024/bca-6862-philip-emiabata-dba-philema-brothers-vs-usps.htm ("Summary disposition of the late-slip claim is appropriate because there are no material facts in dispute, and, as a matter of law, Mr. Emiabata is not entitled to the $4,216 he seeks.").

### E. This suit

In this suit, Mr. Emiabata alleges that the Postal Service disregarded an addendum to his contract that required 60 days' written notice before the Postal Service could terminate his contract. ECF No. 1 at 2. Mr. Emiabata alleges that he is entitled to $2,021,425.14 in damages from unpaid invoices because of the Postal Service's failure to provide notice. *Id.* at 4. Mr. Emiabata also argues that the contracting officer's decision denying most of his claims was erroneous. *Id.* at 3. He alleges

that the contracting officer denied his claims because this court had granted the government's motion for summary judgment in *Emiabata 2018*, but because his previous cases were not decided on the merits, the contracting officer could not base his decision on those cases. *Id.* at 3-4. Mr. Emiabata asks this court to reverse the contracting officer's decision and decide those issues on the merits. *Id.* at 5. Mr. Emiabata also asks to proceed in forma pauperis. ECF No. 8.

## II. Discussion

The government moves to dismiss Mr. Emiabata's complaint. ECF No. 9. The government argues that Mr. Emiabata's wrongful termination claim is precluded by res judicata. *Id.* at 11. The government argues that this court lacks jurisdiction to hear Mr. Emiabata's challenge to the contracting officer's March 2021 decision because his challenge is not timely and because he already appealed the contracting officer's decision to the Board. ECF No. 9 at 13-14 (citing 41 U.S.C. § 7104). The government opposes Mr. Emiabata's request to proceed in forma pauperis, arguing that Mr. Emiabata has a history as a frivolous filer. *Id.* at 15-16.[1]

This court's jurisdiction is primarily defined by the Tucker Act, which provides the court with exclusive jurisdiction to decide specific types of monetary claims against the United States. 28 U.S.C. § 1491(a)(1); *see also Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994). The Tucker Act provides the court with "jurisdiction to render judgment upon any claim against the United

---

[1] The government also argues that the court should dismiss the case because Mr. Emiabata mailed his response to the motion to dismiss a day late. ECF No. 16 at 2 n.1. The court will address Mr. Emiabata's arguments despite his one-day delay. *See generally Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 507 (D.C. Cir. 2016) (explaining that substantive standards for granting a motion—in that case for summary judgment—"cannot be satisfied if … [the trial court] simply grants judgment as conceded when the nonmoving party fails to meet a deadline"); *Cohen v. Board of Trustees of the University of the District of Columbia*, 819 F.3d 476, 481-84 (D.C. Cir. 2016) (discussing precedents of other circuits in the context of motions to dismiss and discussing "the clear preference of the Federal Rules to resolve disputes on their merits").

States founded … upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

The court can review claims under the Contract Disputes Act only when a contractor has first submitted the disputed claim for a decision by the contracting officer. 41 U.S.C. § 7104; *Kiewit Construction Co. v. United States*, 56 Fed. Cl. 414, 419 (2003); *Bowers Investment Co. v. United States*, 695 F.3d 1380, 1383 (Fed. Cir. 2012). Section 7104(b)(1) states, "in lieu of appealing the decision of a contracting officer … to an agency board, a contractor may bring an action directly … in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary."

The doctrine of res judicata, also known as claim preclusion, prevents a party from "bringing repetitive suits involving the same cause of action." *Superior Industries, LLC v. Thor Global Enterprises Ltd.*, 700 F.3d 1287, 1292 (Fed. Cir. 2012) (cleaned up). Under res judicata, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979) (citations omitted); *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001) (A "prior judgment … foreclos[es] successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."). Res judicata requires three elements: "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Phillips / May Corp. v. United States*, 524 F.3d 1264, 1268 (Fed. Cir. 2008) (quoting *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003)). Claims precluded by res judicata must be dismissed for failure to state a claim under this court's rule 12(b)(6). *Larson v. United States*, 89 Fed. Cl. 363, 382 (2009), *aff'd*, 376 F. App'x 26 (Fed. Cir. 2010); *Bowers*, 695 F.3d at 1384-85.

This court holds the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). However, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). For pro se plaintiffs, conclusory allegations or factual conclusions presented as legal conclusions will not overcome a motion to dismiss. *McZeal v. Sprint Nextel Corporation*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Plaintiffs must present allegations "plausibly suggesting (not merely consistent with) entitlement to relief." *Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

### A.     Mr. Emiabata's wrongful termination claim is barred by res judicata

Res judicata bars Mr. Emiabata's wrongful termination claim. That claim meets the Federal Circuit's three-part test. *Phillips / May*, 524 F.3d at 1268. The parties to Mr. Emiabata's previous cases before this court are identical to the parties to this case. *Emiabata 2019*, 792 F. App'x at 934; *Emiabata 2022*, 2022 WL 1055435, at *1. In both earlier cases, the Federal Circuit affirmed this court's judgment—a judgment on the merits. *Emiabata 2019*, 792 F. App'x at 937; *Emiabata 2022*, 2022 WL 1055435, at *1. And Mr. Emiabata's claims here are based on the same set of facts as *Emiabata 2019* and *Emiabata 2022*, involving the termination of the same contract with the Postal Service. ECF No. 1 at 1-3; *Emiabata 2019*, 792 F. App'x at 932 (Mr. Emiabata alleged, among other things, "wrongful termination for default of [his] contract" and sought "monetary damages related to the [Postal Service's] administration of that contract"); *Emiabata 2022*, 2022 WL 1055435, at *1 (Mr. Emiabata appealed his "second action against the United States brought to seek damages for the termination of his mail delivery contract by the U.S. Postal Service.").

Mr. Emiabata raises arguments beyond wrongful termination (ECF No. 15 at 2 (stating that he "is not in this Court to litigate Termination, but … because of [the] Contracting Officer's Final decision")), but, other than the attempted appeal of the contracting officer's or Board's decisions, discussed below, all of his claims are directly related to the Postal Service's termination of his contract. *See* ECF No. 1 at 1-2 (stating that the Postal Service "[b]reach[ed] the contract without any due process … [and] arbitrar[ily], capricious[ly], and erroneously recalled [a] check from [his] account," and listing alleged damages associated with the termination of his contract).

Mr. Emiabata requests discovery, an evidentiary hearing, fact finding, and a trial. ECF No. 15 at 3, 13-14. He disputes the contracting officer's credibility, arguing that the contracting officer misrepresented facts. *Id.* at 5, 13, 17. But because this court and the Federal Circuit decided Mr. Emiabata's earlier case on the merits, as long as he had a full and fair opportunity to litigate then, he cannot relitigate those issues now. "Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Marrese v. American Academy of Orthopaedic Surgeons*, 470 U.S. 373, 390-91 (1985) ("[A] party is precluded from asserting a claim that he had a 'full and fair opportunity' to litigate in a prior action.").[2]

Mr. Emiabata argues that he did not have a full and fair opportunity to litigate his earlier cases in this court because the court did not admit testimony. ECF No. 15 at 23. This court decided Mr. Emiabata's wrongful termination claim in the first case on summary judgment, determining

---

[2] To support his argument in favor of an evidentiary hearing and discovery, Mr. Emiabata apparently relies on the government's statement that "it is difficult to determine what specific claims he raises now," and he seeks discovery into his own litigation history. ECF No. 15 at 2-3 (quoting ECF No. 9 at 1); *see id.* at 5, 13-14. But Mr. Emiabata's having made the case more confusing is not a point in favor of discovery.

9

that there was no genuine issue of material fact regarding contract formation or the government's grounds for terminating the contract. *Emiabata 2018*, 139 Fed. Cl. at 422, 427. The court explained that any credibility disputes did not affect the outcome. *Id.* at 425-26. In other words, even accepting Mr. Emiabata's version of the facts and his allegations about the contracting officer's credibility, Mr. Emiabata still could not demonstrate the elements required to prove wrongful termination. *Id.* Because Mr. Emiabata's allegations were not sufficient to raise a genuine issue of material fact, summary judgment was appropriate even absent testimony. Rules of the Court of Federal Claims, Rule 56(a). That conclusion did not undermine Mr. Emiabata's full and fair opportunity to litigate.

### B. This court lacks jurisdiction over the contracting officer's decision and the Board decision

Mr. Emiabata's remaining claims challenge both the contracting officer's 2021 decision and the Board's January 2024 decision. *See* ECF No. 1 at 3, 5. The Board issued its September 2024 decision after the parties had finished briefing this motion to dismiss. The court lacks jurisdiction to review any of those decisions.

Upon receiving a decision from the contracting officer, Mr. Emiabata had two choices: he could sue in this court or he could appeal to the Board. 41 U.S.C. § 7104(b)(1) ("[I]n lieu of appealing the decision of a contracting officer … a contractor may bring an action directly on the claim in the United States Court of Federal Claims"). But he could not do both. *Bonneville Associates v. United States*, 43 F.3d 649, 653 (Fed. Cir. 1994) ("[O]nce a contractor makes a binding election to appeal the [contracting officer's] final decision to a board of contract appeals or to the Court of Federal Claims, the contractor can no longer pursue its claim in the other forum."); *National Neighbors, Inc. v. United States*, 839 F.2d 1539, 1542 (Fed. Cir. 1988) ("[A]lthough the Contracts Disputes Act provides a contractor with a choice of forums in which to contest an adverse decision by the contracting officer, the contractor is precluded by the Contracts Disputes Act

from pursuing its claim in both forums."); *Revitalizing Auto Communities Environmental Response Trust. v. United States*, 170 Fed. Cl. 279, 289 (2024) ("A party may appeal a contracting officer's final decision to the appeals board, or this court, but not both."). By appealing the contracting officer's 2021 decision to the Board, Mr. Emiabata deprived this court of jurisdiction to address his complaint.

Even if Mr. Emiabata had not chosen the Board, depriving this court of jurisdiction, Mr. Emiabata's challenge to the contracting officer's 2021 decision is untimely. Under 41 U.S.C. § 7104(b)(3), "[a] contractor shall file any action … within 12 months from the date of receipt of a contracting officer's decision." Contrary to Mr. Emiabata's argument (ECF No. 15 at 2), the continuing violation doctrine does not apply to make his complaint timely. The Postal Service terminated Mr. Emiabata's contract in 2015. Other than Mr. Emiabata's litigation, there have been no other events that would create a continuing violation. *See Brown Park Estates–Fairfield Development Co. v. United States,* 127 F.3d 1449, 1456 (Fed. Cir. 1997) ("In order for the continuing claim doctrine to apply, the plaintiff's claim must be inherently susceptible to being broken down into a series of independent and distinct events or wrongs, each having its own associated damages.").

To the extent that Mr. Emiabata is seeking review of the Board's decision, rather than review of the contracting officer's decision, Board decisions are reviewable in the Federal Circuit, not this court. 41 U.S.C. § 7107(a)(1)(A); *Lee's Ford Dock, Inc. v. Secretary of the Army*, 865 F.3d 1361, 1366 (Fed. Cir. 2017). Thus, Mr. Emiabata can appeal the Board's September 2024 final decision to the Federal Circuit, as that court provides the exclusive route of review of that decision.

Mr. Emiabata also argues that he is entitled to damages because the Postal Service failed to give him 60 days' notice under the addendum to his contract. ECF No. 1 at 2. Mr. Emiabata already made that claim before the Board in his appeal. ECF No. 9, Attachment B at 5. Thus, like his other challenges to the contracting officer's decision, he may not raise that challenge here. 41 U.S.C. § 7104(b)(1); *see Bonneville*, 43 F.3d at 653. The 60-day-provision argument further addresses the same issue already decided on the merits in *Emiabata 2019*—whether the contract was wrongfully terminated—precluding that argument under res judicata principles. *Phillips / May*, 524 F.3d at 1268; *see Emiabata 2022*, 2022 WL 1055435, at *4.

The Board granted summary judgment on Mr. Emiabata's remaining claims. ECF No. 9, Attachment B at 12-13; *Emiabata v. United States Postal Service*, PSBCA No. 6862 (Sept. 11, 2024). Should Mr. Emiabata wish to appeal the Board's decision, that appeal must be taken in the Federal Circuit, not this court. 41 U.S.C. § 7107(a)(1)(A).

### C. Mr. Emiabata's petition to proceed in forma pauperis is granted, but any appeal from this decision would not be taken in good faith

Under 28 U.S.C. § 1915, a litigant may move to proceed in forma pauperis, entitling him to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant such motions whenever it determines, based on the financial information submitted, that the plaintiff is unable to pay the requisite filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 F. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

12

In his application, Mr. Emiabata attests that he is unemployed. ECF No. 8 at 4. He receives $940 per month in disability income, which covers only his monthly expenses. *Id.* at 5, 7. Mr. Emiabata states that he has $0 in cash or savings. *Id.* at 5.

Mr. Emiabata's disclosed financial circumstances fall within the range of that of other plaintiffs who have been granted in forma pauperis status. For example, in *Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), *aff'd*, No. 2023-1316, 2023 WL 5011753 (Fed. Cir. Aug. 7, 2023), this court granted in forma pauperis status to a plaintiff who similarly had negligible savings and had a monthly income. Mr. Emiabata's savings are less than this court's total filing fee. *Cf. id.*; *U.S. Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (effective Dec. 1, 2023), https://www.uscfc.uscourts.gov/sites/default/files/fee_schedule_20231201.pdf ($405.00 total filing fee). Mr. Emiabata has demonstrated that paying the filing fee would impose an undue hardship on him.

The government argues that Mr. Emiabata's history of frivolous filings—in this court and others—bars him from proceeding in forma pauperis. ECF No. 9 at 15-16. But the cases Mr. Emiabata filed in this court, the Vermont district court, and the Federal Circuit were not entirely duplicative. In his first complaint in this court, Mr. Emiabata had some claims dismissed because of the pending Postal Service administrative proceeding and some dismissed on summary judgment. *Emiabata 2019*, 792 F. App'x 931. In his Vermont district court complaint, some of the claims were duplicative but others were ultimately transferred back to the district court and have not been resolved. *Emiabata 2022*, 2022 WL 1055435.

Mr. Emiabata's current claims appear to be a misplaced attempt to appeal the Board's 2024 decision. *See* ECF No. 15 at 2. He is entitled to appeal that decision at the Federal Circuit. 41 U.S.C. § 7107(a)(1)(A).

While Mr. Emiabata's history of frivolous filings in other courts (*see* ECF No. 9 at 16) is concerning, the court will allow Mr. Emiabata in forma pauperis status for the filing of this suit.

But, given that this suit is nearly the same as his other suits, and any appeal of the Board's decision will have to be taken in a different court from this one, the court certifies under 28 U.S.C. § 1915(a)(3) that any appeal of this decision will not be taken in good faith. Thus, any appeal of this decision may not be taken in forma pauperis. *Double Lion Uchet Express Tr. v. United States*, No. 21-1921, 2021 WL 5285939, at *1 (Fed. Cir. July 15, 2021) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." (citing 28 U.S.C. § 1915(a)(3), marks omitted)).

This certification does not affect Mr. Emiabata's ability to appeal the Board's final decision to the Federal Circuit. *See* 41 U.S.C. § 7107(a)(1)(A).

### III. Conclusion

For these reasons, the court **grants** the government's motion to dismiss and **dismisses** Mr. Emiabata's complaint. The court **grants** Mr. Emiabata's motion to proceed in forma pauperis. The court **certifies** that any appeal from this decision will not be taken in good faith. The Clerk of the Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

      s/ Molly R. Silfen
MOLLY R. SILFEN
Judge